UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| JOSE R CARNERO, et al., | Case No. 16-cv-03606-BLF |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' SECOND APPLICATION FOR A TEMPORARY RESTRAINING ORDER; AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO RECORD A LIS PENDENS** |
| ELK GROVE FINANCIAL, LLC, et al., | |
| Defendants. | |
| | [Re: ECF 31, 32] |

Plaintiffs Jose and Marta Carnero filed this action in June 2016 and days later sought a temporary restraining order ("TRO") to enjoin a nonjudicial foreclosure sale of their home scheduled for July 6, 2016. When this Court denied the TRO application, the Carneros staved off foreclosure by filing a Chapter 7 bankruptcy petition the day before the scheduled sale, triggering the automatic bankruptcy stay. The bankruptcy was discharged on October 12, 2016, and the foreclosure sale has been rescheduled for November 28, 2016. The Carneros once again seek a TRO to enjoin the sale and they also move to record a lis pendens. Defendant Elk Grove Financial, LLC ("Elk Grove") has filed opposition to both the application for a TRO and the motion for leave to record a lis pendens. The Court has determined that the Carneros' motions are appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b).

The Carneros' second application for a TRO and motion to record a lis pendens are DENIED for the reasons discussed below.

**I.   BACKGROUND**

In 2007, the Carneros obtained a mortgage loan from non-party Bear Stearns Residential Mortgage Company which was secured by a deed of trust on their home. Deed of Trust, Exh. A to FAC, ECF 25-1. The deed of trust ultimately was assigned to Defendant Elk Grove, and Elk Grove substituted Defendant Special Default Services, Inc. ("SDS") as the trustee. Assignments

of Deed of Trust, Exhs. 2-4 to FAC, ECF 25-2; Substitution of Trustee, Exh. 5 to FAC, ECF 25-2. On February 29, 2016, SDS recorded a Notice of Default and Election to Sell under Deed of Trust, stating that the Carneros were approximately $87,000 in arrears on their mortgage. Notice of Default, Exh. 6 to FAC, ECF 25-2.

On March 30, 2016, the Carneros sent SDS a Notice of Rescission, purporting to rescind the 2007 mortgage loan transaction. Notice of Rescission, Exh. 10 to FAC, ECF 25-3. They filed this action on June 27, 2016 against Elk Grove and SDS, as well as the loan servicer, Land Home Financial Services. Compl., ECF 1. The Carneros also filed an application for a TRO seeking to enjoin the nonjudicial foreclosure sale, which had been scheduled for July 6, 2016. TRO Application, ECF 6; Notice of Trustee's Sale, Exh. 14 to FAC, ECF 25-5. This Court denied the TRO application, concluding that diversity jurisdiction did not lie; the Carneros' only substantive federal claim, asserted under the Truth in Lending Act ("TILA"), was inadequate; and there was no basis for the Court to exercise supplemental jurisdiction over the remaining state law claims absent a viable federal claim. *See* Order Denying Plaintiffs' Application for TRO, ECF 13.

The Carneros nonetheless avoided foreclosure by filing a Chapter 7 bankruptcy petition on July 5, 2016, the day before the scheduled sale. *See* Ch. 7 Petition, ECF 1 in Case No. 16-br-51967 SLJ. They filed a notice of the automatic bankruptcy stay in this action on July 11, 2016. Notice of Stay of Proceedings, ECF 17.

On October 7, 2016, the Carneros filed the operative first amended complaint ("FAC"), again alleging a single substantive federal claim under TILA and numerous state law claims.[1] FAC, ECF 25. The bankruptcy was discharged on October 12, 2016. Discharge of Debtor and Final Decree, ECF 20 in Case No. 16-br-51967 SLJ. The bankruptcy case was reopened on November 17, 2016 for the purpose of permitting the Carneros to file an adversary proceeding to

---

[1] As did the original complaint, the FAC alleges a claim for declaratory judgment. While Defendant Elk Grove characterizes that claim as asserted under California Civil Procedure Code § 1060, the Court concludes that the claim could be read as asserted under the federal Declaratory Judgment Act. Even assuming that the claim is asserted under federal law, however, the Declaratory Judgment Act does not confer federal jurisdiction. *Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011). Federal jurisdiction must exist independently of the Declaratory Judgment Act. *Id.*

determine the dischargeability of student loan debts. Order Granting Motion to Reopen Case, ECF 26 in Case No. 16-br-51967 SLJ.

On November 21, 2016, the Carneros filed the present renewed application for a TRO, asserting that the nonjudicial foreclosure sale has been rescheduled for November 28, 2016. Second TRO Application, ECF 31. The TRO application indicates that the Carneros attempted to give notice of the application to Defendants via voice mail and facsimile on November 21, 2016. The Carneros also seek leave to record a lis pendens. Request for Notice of Lis Pendens, ECF 32. It is unclear whether the Carneros served the motion to record a lis pendens on Defendants separately, but the two Defendants who have appeared in the action – Elk Grove and SDS – received notice through the ECF System of both the TRO application and the motion to record a lis pendens. Defendant Elk Grove has filed an opposition to the TRO application and the motion to record a lis pendens.

## II.   TRO APPLICATION

### A.   Legal Standard

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 20. Alternatively, an injunction may issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear

showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

### B. Discussion

Before addressing the *Winter* factors, the Court addresses three preliminary issues. First, while the Carneros style their TRO application as brought "ex parte," the application indicates that the Carneros attempted to notify all Defendants of the application by telephone and facsimile on November 21, 2016. Moreover, because Elk Grove and SDS have appeared in this action, their attorneys received notice of the TRO application through the Court's ECF System. Defendant Elk Grove has filed written opposition. Accordingly, the Carneros need not satisfy the procedural requirements for issuance of a TRO without notice. *See* Fed. R. Civ. P. 65(b).

Second, Plaintiffs' TRO application appears to request injunctive relief based not only on the present action, but also based on other actions being litigated by the Carneros, including their bankruptcy action, an action pending in the Santa Clara County Superior Court, and actions that are on appeal before the California Court of Appeal. In evaluating the TRO application, the Court is limited to determining whether the Carneros have demonstrated a likelihood of success and the other *Winter* factors with respect to *this* action.

Third, the TRO application purports to incorporate briefs previously filed in this case and in other cases. This Court's standing order expressly prohibits incorporation by reference. *See* Standing Order Re Civil Cases, available at http://www.cand.uscourts.gov. Accordingly, the Court has disregarded the Carneros' references to previously filed briefs.

Turning to the *Winter* factors, the Court concludes that the Carneros have demonstrated neither a likelihood of success nor serious questions going to the merits of their only substantive federal claim, the first claim for violation of TILA. Congress passed TILA "to help consumers avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791-92 (2015) (internal quotation marks and citation omitted). In furtherance of these goals, TILA grants borrowers the unconditional right to rescind certain types of loans within three days. *Id.* at 792. After three days, borrowers may rescind the loan only if the lender failed to satisfy TILA's

disclosure requirements. *Id.* "But this conditional right to rescind does not last forever." *Id.* "Even if a lender *never* makes the required disclosures, the right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." *Id.*

The Carneros allege in their FAC, as they did in their original complaint, that they rescinded their 2007 loan in 2016. FAC at 7, ECF 25; Compl. at 6, ECF 1. In its order denying the Carneros' first TRO application, the Court concluded that this allegation showed that the TILA claim was absolutely time-barred. *See* Order Denying Plaintiffs' Application for TRO, ECF 13. The Court concludes once again that any TILA claim based upon an alleged 2016 rescission of the 2007 loan is time-barred.

The Carneros attempt to plead around the three-year statute of repose by asserting a claim for money damages under TILA in addition to a claim for rescission. FAC at 7-8, ECF 25. A claim for money damages for a TILA violation may be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Carneros allege, confusingly, that "BB&T" violated TILA by failing to notify them within thirty days that the note had been assigned. FAC at 8. It is unclear who BB&T is, as those initials do not match any of the named Defendants. The Carneros allege that the note was transferred from "Southern Trust" – another non-party – to BB&T in March 2012, and that they filed suit a bit more than one year later in June 2013, but that the failure to file within the one-year period should be excused under the doctrine of fraudulent concealment. *Id.* These allegations are confusing in many respects, not the least of which is that the present action was filed in June *2016* rather than June *2013*. Moreover, as noted, the entities who allegedly violated TILA's notice requirements are not parties to this suit.

Finally, the Court observes that the FAC makes passing reference to earlier purported rescissions in April and June 2009. FAC at 8. However, the TILA claim does not appear to be based on those earlier purported rescissions, and the FAC does not provide sufficient facts to allege plausibly that the earlier purported rescissions were valid.

Accordingly, the Court concludes that the Carneros have not demonstrated a likelihood of success on their TILA claim or even serious questions going to the merits of that claim. As noted

above, the TILA claim is the only substantive federal claim set forth in the FAC.  Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over the Carneros' remaining state law claims.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  The Court therefore does not consider the viability of the Carneros' state law claims in evaluating their TRO application.  The Court notes, however, that the state law claims suffer from the same types of defects as the TILA claim, in that they are disjointed, confusing, and lack facts adequate to make out plausible claims against the named Defendants.

Having concluded that the Carneros have failed to demonstrate a likelihood of success or serious questions going to the merits, the Court need not reach the remainder of the *Winter* factors.  *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.").

The Carneros' second TRO application is DENIED.

### III. LIS PENDENS

The Carneros seek leave to record a lis pendens.  As pro se litigants, they "need[] court approval to file a lis pendens regarding the property at issue in this litigation."  *Stowers v. Wells Fargo Bank, N.A.*, No. 3:13-CV-05426-RS, 2014 WL 1245070, at *11 (N.D. Cal. Mar. 25, 2014) (citing Cal. Civ. Proc. Code § 405.21).  As discussed above, however, the Carneros have failed to make out a viable federal claim and absent a viable federal claim the Court declines to exercise supplemental jurisdiction over their state law claims.  Thus the Carneros have not asserted any claims in this action that would justify the recording of a lis pendens.

The motion for leave to record a lis pendens is DENIED.

### IV. ORDER

(1) The application for a TRO is DENIED; and

(2) The motion for leave to record a lis pendens is DENIED.

Dated:  November 22, 2016

BETH LABSON FREEMAN
United States District Judge