1
2
3       **UNITED STATES DISTRICT COURT**
4       **NORTHERN DISTRICT OF CALIFORNIA**
5       **SAN JOSE DIVISION**
6
7   JOSE R CARNERO, ET AL.,                     Case No.  16-cv-03606-BLF
8                   Plaintiffs,
                                                **ORDER DENYING MOTION FOR**
9           v.                                  **LEAVE FOR RECONSIDERATION**
                                                [Re: ECF 60]
10  ELK GROVE FINANCIAL, LLC, et al.,
11                  Defendants.
12
13          Before the Court is Plaintiffs Jose Carneo and Marta Carnero (the "Carneros")' motion for

14  reconsideration of this Court's order granting motions to dismiss and denying motion to stay

15  foreclosure (the "Order").  ECF 60, 58.  In the Order, the Court granted the motions to dismiss

16  because the Carneros' claims based on the Truth in Lending Act ("TILA") are time-barred.  Order

17  5-6.  The Court also noted that any TILA claims based on other alleged rescissions would also be

18  barred by res judicata.  *Id.* at 5 n.1.  Because there is no viable federal claim, the Court declined to

19  exercise supplemental jurisdiction over the remaining state law claims and denied the motion to

20  stay foreclosure for this and other reasons.  *Id.* at 6-8.  In the motion for reconsideration, the

21  Carneros, proceeding *pro se*, assert that they had not been served with the Order and were instead

22  provided with a document pertaining to a different case.  Mot. ¶ 1, ECF 60.  They also state that

23  they do not understand why the case management conference was vacated.  *Id.* ¶ 2.  They further

24  state that Defendant Elk Grove Financial cannot prove its possession of the property at 1558

25  Minnesota Ave., San Jose, California, and that their bankruptcy case has merit.  *Id.* ¶¶ 3, 5, 6.

26          In this District, a party must seek leave of court before filing a motion for reconsideration

27  of an interlocutory order.  Civ. L.R. 7-9(a).  As such, the Court construes the Carneros' motion as

28  a motion for leave to file a motion for reconsideration.  The party seeking leave must show

reasonable diligence and one of the three following conditions:

**(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

**(2)** The emergence of new material facts or a change of law occurring after the time of such order; or

**(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the Court in connection with the interlocutory order. Civ. L.R. 7–9(c).

The Carneros do not identify which of the three conditions their motion is based. Nevertheless, the Carneros fail to show that leave for reconsideration is warranted under any of the enumerated conditions because there is no showing of reasonable diligence as to any of those conditions set forth in Civ. L.R. 7-9(b). Specifically, with respect to the first condition – whether there was a material difference in fact or law that existed from that which was presented to the Court before entry of the Order – the Carneros did not identify any such material difference in fact or law. First, the Carneros provide no showing that they exercised reasonable diligence in the discovery of any alleged fact or law in connection with their arguments pertaining to Elk Grove Financial Inc. or their bankruptcy case. *See, e.g.*, Mot. ¶¶ 3, 5, 6. Second, the arguments pertaining to Elk Grove Financial are no different from those provided in the First Amended Complaint and in the Carneros' opposition to Special Default Services, Inc.'s motion to dismiss, namely that there were allegedly erroneous or fraudulent assignments of interest. *See, e.g.*, Mot. ¶¶ 3, 6; Opp'n 11-13, ECF 52; First Am. Compl. 9-14, ECF 25. Rearguing any written argument previously presented in the Carneros' opposition is improper and provides no ground for leave for reconsideration. Lastly, the Carneros conclusorily allege that "there is new evidence discovered that affects the title of the subject property" in connection with their bankruptcy case without identifying this new evidence, explaining how this new evidence warrants reconsideration, or why

1  the new evidence was not brought to the Court's attention despite their exercise of due diligence.

2  Mot. ¶ 5.

3        Relatedly, with respect to the second condition – the emergence of new material facts or a

4  change of law occurring after the time of the Order – the Carneros' motion also does not provide

5  any new material facts or change in law occurring after April 6, 2017, when this Court issued the

6  Order.  The Carneros claim that they learned as of April 18, 2017, that Defendant Land Home

7  Financial Services, Inc. "has transferred or assigned to Lenders TD Services effective

8  04/28/2017."  Mot. ¶ 7; Ex. 2 to Mot.  However, this allegation does not justify a leave for

9  reconsideration because it does not affect the ruling set forth in the Order that the Carneros' TILA

10  claims are time-barred.

11        Lastly, the Carneros identify no "manifest failure by the Court to consider material facts or

12  dispositive legal arguments which were presented to the Court before such interlocutory order."

13  Civ. L.R. 7-9(b)(3).  As noted above, the Carneros' arguments had been considered by the Court

14  in its Order and do not affect the determination that the Carneros' TILA claims are time-barred.

15  The Carneros also alleged several "mishaps" with this Court in this motion, such as a failure to be

16  served with the Order or the Court's decision to continue or vacate case management conference.

17  Mot. ¶ 4.  However, these alleged "mishaps" do not provide a cognizable ground for leave for

18  reconsideration pursuant to Civ. L.R. 7-9(b).

19        For the foregoing reasons, the Carneros have not demonstrated any basis for leave for

20  reconsideration of the Order.  Their motion for leave to file a motion for reconsideration is thus

21  DENIED.

22        **IT IS SO ORDERED.**

23

24  Dated: April 25, 2017

25  _____

26  BETH LABSON FREEMAN
    United States District Judge

27

28